# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JENSEN KEN ALEXANDER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00312 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JOSEPH ELY, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Jensen Ken Alexander, Pro Se Plaintiff; Timothy E. Davis,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for Defendants.*

The plaintiff, Jensen Ken Alexander, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and based on the First Amendment to the Constitution. He alleges that the defendant prison officials violated his rights related to religious meals served to him in prison during three-day periods in 2019 and 2021. After review of the record, I conclude that the defendants' Motion to Dismiss must be granted.

I. BACKGROUND.

Alexander states that he is Rastafarian and that he has been approved to receive the Common Fare Diet, a meal program available to inmates in the custody of the Virginia Department of Corrections ("VDOC") at Wallens Ridge State Prison ("Wallens Ridge"). Pursuant to a provision from the VDOC March 1, 2018, Food

Service Manual, Ch. 4 that Alexander attaches to his Complaint, Common Fare meals will be served with an orange tray lid "to distinguish the serving tray as Common Fare use only." Compl. Attach., ECF No. 1-1.  Regular menu meals are served on different colored trays, which are to be served from and collected using food carts separate from the carts used for Common Fare trays.  Alexander alleges that on December 20, 21, and 22, 2019, Officers Houndshell, Clouse, and Cheeks touched regular meal trays and then touched Common Fare trays while distributing meals to inmates.  These officers also allegedly served and collected Common Fare trays and regular meal trays using the same food cart on these dates.

    Alexander pursued complaints about this practice through the inmate grievance procedure.  Joseph Ely, the Unit Manager, answered and deemed one of Alexander's grievances about the mishandling of the meal trays as founded. Alexander asserts that Ely, Warden Carl Manis, and Building Lieutenant Richard Light are responsible for ensuring that officers under their command follow VDOC policies.

    Alexander sues Houndshell, Clouse, Cheeks, Ely, Manis, and Light, claiming that their actions violated VDOC Common Fare Policy.  He asserts that violations of this policy also violate the First Amendment.  As relief for the nine meals mishandled in December 2019, he seeks monetary damages. Alexander also asserts that unspecified officers served or collected Common Fare trays with regular trays

on January 29, 30, and 31, 2021, and February 8, 2021, for which he seeks additional damages.

## II. DISCUSSION.

### A. The Standard of Review for a Motion to Dismiss.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.[1] Moreover, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B. Initial Matters.

Some of Alexander's claims fail at the outset. The defendants are protected by immunity against damage claims for actions taken in their official capacities. *Will*

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

*v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  Thus, all such claims must be dismissed.

Also, under § 1983, a supervisory official may be held liable only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  "The doctrine of respondeat superior has no application under this section." *Id.*  Thus, Ely, Manis, and Light cannot be vicariously liable for actions by their subordinate officers.  And Alexander does not state facts showing that any of these officials "had personal [fore]knowledge of [or] involvement in the alleged deprivation of [Alexander's] rights" in December 2019 or January or February 2021, as required for supervisory liability under § 1983.  *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (explaining that to show supervisor's personal involvement, he must have known about the conduct and approved it, condoned it, or turned a blind eye to it).

In addition, Alexander cannot recover damages under § 1983 merely because officials violated state laws or policies.  An official's alleged violations of an agency's policies do not give rise to any constitutional violation actionable under § 1983.  *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990).  Therefore, I will grant the defendants' motion as to all claims that any defendant violated VDOC policies regarding the Common Fare program or other procedures.

C. The First Amendment Free Exercise Claims.

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To state a claim for violation of rights secured by the Free Exercise Clause, an inmate, "must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 718 (1981), or one that forces him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand," *Sherbert v. Verner*, 374 U.S. 398, 404 (1963).

I find that Alexander has not stated facts supporting a claim that the defendants' actions deprived him in any meaningful way from the free exercise of his Rastafarian religious beliefs. Indeed, Alexander offers no facts whatsoever about the nature of Rastafarian dietary practices, what foods they should or should not eat, or the impact that a disruption of Rastafarian's preferred dietary practices would have on his religious experience itself. Moreover, at the most, Alexander alleges

that the defendants' alleged mishandling of Common Fare meal trays occurred only rarely — six or seven days over the course of two years.  He alleges that the officers merely touched regular and Common Fare trays consecutively and transported the different types of trays on the same food cart.  He does not allege that the foods on the trays contacted each other, that food items were tainted or lost, or that he did not receive foods consistent with his dietary beliefs.  In short, I conclude that Alexander's allegations do not support any claim that the defendants' actions or policies placed a substantial burden on his ability to practice his Rastafarian religious beliefs.  Therefore, I will grant the defendants' Motion to Dismiss.

### III. CONCLUSION.

In accordance with the foregoing, it is **ORDERED** that the defendants' Motion to Dismiss, ECF No. 10, is GRANTED.

A separate Judgment will enter herewith.

ENTER: July 13, 2022

/s/ JAMES P. JONES
Senior United States District Judge